# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JUAN GOMEZ and HEATHER ANNE GOMEZ, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | (removed from the Circuit Court for Rutherford County, Tennessee, Case No. 72211) |
| USAA CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, USAA Casualty Insurance Company ("USAA CIC"), files this Notice of Removal of this action from the Circuit Court of Rutherford County, Tennessee, where it was pending as Case No. 72211, to the United States District Court for the Middle District of Tennessee, Nashville Division. In support of this removal, USAA CIC states as follows:

## INTRODUCTION

On January 13, 2017, USAA CIC was served with this action asserting causes of action for breach of contract and statutory bad faith arising from a dispute over coverage relating to Plaintiffs' USAA CIC Policy, Policy Number 81 38 90A (the "Policy"). Due to this dispute, Plaintiffs are seeking compensatory damages of $200,000, punitive damages of $500,000, and a twenty-five percent (25%) statutory bad faith penalty.

This Court has subject matter jurisdiction over the instant case under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiffs and USAA CIC are citizens of different states. The amount in controversy is easily satisfied as Plaintiffs seek a judgment in excess of $700,000.00. USAA CIC timely removed this action in accordance with 28 U.S.C. § 1446. Accordingly, jurisdiction in this Court is proper.

## BASIS FOR REMOVAL

1. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court because there is complete diversity of citizenship between Plaintiffs and USAA CIC, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### I. Complete Diversity of Citizenship Exists

2. Defendant USAA CIC ("USAA CIC") is incorporated under the laws of the State of Texas, with its principal place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), USAA CIC is a citizen of Texas.

3. Plaintiffs Juan Gomez and Heath Gomez are domiciled in Smyrna, Rutherford County, Tennessee and, therefore, are citizens of the state of Tennessee. (Complaint at ¶ 1.)

4. Given that Plaintiffs are citizens of a different state than USAA CIC, complete diversity exists.

### II. The Amount in Controversy Exceeds $75,000

5. In addition to establishing diversity of citizenship among the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs…" *See* 28 U.S.C. § 1332(a)(1). It is clear on the fact of Plaintiffs' Complaint that the amount in controversy easily exceeds $75,000.

6. Plaintiffs allege that they were insured under USAA CIC Policy, Policy Number 81 38 90A (the "Policy"). (Complaint at ¶ 4.) Plaintiffs allege they made a claim for their alleged loss to USAA CIC in the amount of $116, 141.97. (Complaint at ¶ 20.) Based upon the allegations in the Complaint, Plaintiffs now seek compensatory damages of $200,000, punitive damages of $500,000, and a twenty-five percent (25%) statutory bad faith penalty. ("Wherefore" clause).

7. Plaintiffs have specifically alleged damages in excess of the amount in controversy requirement in their Complaint. (*Id.*). Therefore, the amount in controversy is easily met. *See* 28 U.S.C. § 1446(c)(2)("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…").

### III. The Case is Removal under 28 U.S.C. § 1446(b).

8. 28 U.S.C. § 1446(b) allows for the removal of a civil action within thirty days after receipt by the Defendant of a copy of the initial pleading setting forth the claims for relief.

9. USAA CIC was served by certified mail on January 13, 2017. (Attached as Exhibit B are all documents served on USAA CIC). This Notice of Removal is filed within thirty days of January 13, 2017.

### IV. All Other Removal Prerequisites Have Been Satisfied.

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within the required thirty days of USAA CIC's receipt of the Complaint in this action. USAA CIC has attached all pleadings filed in the state court proceedings as Exhibit A. A true and correct copy of this Notice of Removal will be served upon all parties and filed with the

{03927072.1} 3

Case 3:17-cv-00269   Document 1   Filed 02/09/17   Page 3 of 6 PageID #: 3

Clerk of the Circuit Court of Rutherford County, Tennessee in accordance with the provisions of 28 U.S.C. § 1446(d).

11. USAA CIC seeks no similar relief with respect to this matter.

12. This action was commenced in the Circuit Court of Rutherford County, Tennessee, entitled *Juan Gomez and Heather Anne Gomez v. USAA Casualty Insurance Company,* Case No. 72211. Because the Circuit Court of Rutherford County, Tennessee is located within the Middle District of Tennessee, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1446(b).

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. A Notice of Filing Notice of Removal, a copy of which is attached hereto as Ex. B, with a copy of the Notice of Removal attached, will be filed with the Court Clerk for the Circuit Court of Rutherford County, Tennessee.

15. Attached and marked as Exhibit B are true and correct copies of all summonses served on USAA CIC in this action, and the related notices of service of process.

16. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division and this cause is removable to the United States District Court for the Middle District of Tennessee, Nashville Division.

17. If any questions arise with regard to the propriety of the removal of this action, USAA CIC requests the opportunity to present a brief, oral argument, and/or conduct jurisdictional discovery in support of its position that this case is removable.

**WHEREFORE**, Defendant USAA CIC hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the Middle District of Tennessee, Nashville Division, unless and until held otherwise by that Court.

Respectfully submitted this 9th day of February, 2017.

/s/ Michael D. Mulvaney_____
**Michael D. Mulvaney**
Tenn Bar: 030040
**Tara B. Sprague (*pro hac vice intended*)**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via first class mail on this 9th day of February 2017 to

J. Brandon McWherter
Jonathan L. Bobbitt
Gilbert Russell McWherter Scott & Bobbitt PLC
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Fax: (731) 664-1540

Counsel for Plaintiffs

                                                       /s/Michael D. Mulvaney
                                                       Of Counsel